**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10282 |
| Plaintiff - Appellee, | D.C. No. 2:01-CR-00324-SRB |
| v. | |
| ALEJANDRO OCHOA-ROCHA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Alejandro Ochoa-Rocha appeals from the 24-month sentence imposed upon

revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

Ochoa-Rocha contends that the district court improperly relied on factors

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 18 U.S.C. § 3553(a)(2)(A), such as the need to reflect the seriousness of the revocation offense, to justify its sentence. The record indicates that the district court properly considered the factors enumerated at 18 U.S.C. § 3583(e). *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (revocation sentence may not be based primarily on severity of revocation offense, but court may consider the violator's criminal history, including the violation offense, in its section 3583(e) analysis). Furthermore, although Ochoa-Rocha's 24-month sentence represents a significant departure from the recommended sentence range, we cannot say that the sentence was substantively unreasonable on the record here. *See id.* at 1063 (where defendant violates supervised release by committing same offense for which he was placed on supervised release, "greater sanctions may be required to deter future criminal activity"); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**